NUMBER 13-05-133-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 


ROLANDO VEGA, JR., Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 36th District Court of San Patricio County, Texas.

 


OPINION ON REMAND


Before Justices Yañez, Rodriguez, and Garza 


Memorandum Opinion by Justice Garza


 

This is a revocation of community supervision case. On remand from the Texas
Court of Criminal Appeals, we address appellant Rolando Vega, Jr.'s contention that,
because his indictment alleged a misdemeanor rather than a felony, the district court
lacked jurisdiction to impose probation for a state jail felony (thus rendering the judgment
void); therefore, the district court had no jurisdiction to revoke his probation. (1)
 We affirm. 

Factual and Procedural Background

 On November 10, 2002, officers were dispatched to a residence in response to
terroristic threats. As the officers were en route, they were advised by dispatchers that a
van was leaving the area. Officers began to pursue the van and recognized appellant as
the driver. Appellant stopped the van and was ordered to exit the vehicle. Instead,
appellant locked his door and yelled, "I didn't do nothing, you're scaring me." Appellant
refused to exit the vehicle and then fled the scene in the van. Appellant traveled
approximately two miles to his father's residence and then proceeded to flee on foot. The
officers apprehended appellant behind a neighboring residence.

 Appellant was charged in district court with evading arrest. Pursuant to a plea
agreement, appellant pleaded nolo contendere to the charge. On September 4, 2003, the
district court found him guilty of evading arrest or detention, a state jail felony. See Tex.
Pen. Code Ann. § 38.04(b)(1) (Vernon 2003). In accordance with the plea agreement, the
district court assessed appellant's punishment at two years' imprisonment, suspended the
sentence, placed appellant on community supervision for three years, and imposed a
$1,500 fine. On December 17, 2004, the State moved to revoke appellant's community
supervision. Appellant pleaded "not true" to the alleged violations. The district court found
that appellant violated the terms of his probation, revoked his probation, sentenced him to
two years' imprisonment, and assessed costs and a fine. This appeal ensued. 

Analysis

 Appellant's sole issue is that, because the indictment alleged only a misdemeanor
offense, the district court-a felony court-did not have jurisdiction. See Tex. Const. art. V,
§ 8; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon 2005). (2)

 To vest the court with jurisdiction, an indictment must satisfy the constitutional
requirement of subject-matter jurisdiction. Teal v. State, No. PD-0689-06, 2007 Tex. Crim.
App. LEXIS 316, at *24 (Tex. Crim. App. Mar. 7, 2007). To meet this requirement, the
district court and the defendant must be able to determine from the face of the indictment
that the State intended to charge the defendant with a felony or other offense for which the
district court has jurisdiction. Teal, 2007 Tex. Crim. App. LEXIS 316, at *25. The section
of the penal code under which appellant is charged-section 38.04-states in part that, "A
person commits an offense if he intentionally flees from a person he knows is a peace
officer attempting lawfully to arrest or detain him." Tex. Pen. Code Ann. § 38.04(a). The
statute classifies this offense as a misdemeanor. The offense is a felony, however, "if the
actor uses a vehicle while the actor is in flight and the actor has not been previously
convicted under this section." Id. § 38.04(b)(1).

 The indictment in this case alleges that Rolando Vega, Jr. "on or about the 10th day
of November A.D., 2002 . . . did then and there intentionally flee from Joel Bear, a person
[appellant] knew was a peace officer who was attempting lawfully to arrest or detain
[appellant]." Appellant argues that, because the indictment fails to allege that he used a
vehicle in the commission of the offense, he was charged only with a misdemeanor
offense. Thus, he concludes, the district court lacked jurisdiction to impose probation for
a state jail felony and to revoke his probation because district courts have subject-matter
jurisdiction only over felonies, misdemeanors involving official misconduct, and
misdemeanor cases transferred to the district court under article 4.17 of the Texas Code
of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art. 4.05. 

 We disagree. On its face, the indictment in this case shows the State's intent to
charge a felony or other offense for which the district court has jurisdiction. Specifically,
the face of the indictment describes the offense as "Evading Arrest or Detention, TPC
38.04/State Jail Felony." Thus, the indictment satisfies the constitutional requirement of
subject-matter jurisdiction and did vest the district court with jurisdiction. See Teal, 2007
Tex. Crim. App. LEXIS 316, at *24. Further, because the indictment did vest the district
court with jurisdiction, appellant waived his complaint of the substance of the indictment
by failing to object prior to the day of trial. See Teal, 2007 Tex. Crim. App. LEXIS 316, at
*26-*27 (concluding that the indictment was sufficient to vest jurisdiction because "it
charged 'an offense' and one could fairly conclude from the face of the charging instrument
that the State intended to charge a felony offense" and stating that "[i]f appellant was
confused about whether the State did or intended to charge him with a felony, he could
have and should have objected to the defective indictment before the date of trial"). (3) 
Accordingly, appellant's sole issue is overruled. 

 The judgment of the district court is affirmed.


 

 _______________________

 DORI CONTRERAS GARZA,

 Justice


Do not publish. 

Tex.R.App.P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 21st day of June, 2007. 
1. A defendant can raise on appeal from a revocation proceeding an error in the original plea
hearing if the error would render the original judgment void. Nix v. State, 65 S.W.3d 664, 668 (Tex. Crim.
App. 2001). A judgment of conviction for a crime is void when: (1) there is a constitutional defect in the
charging instrument (i.e. indictment, information, or complaint), (2) there is a lack of subject matter
jurisdiction over the offense charged, (3) the record reflects that there is no evidence to support the
conviction, or (4) an indigent defendant is required to face criminal trial proceedings without appointed
counsel, when such has not been waived. Id. Appellant raises a void-judgment issue here. Accordingly,
we have jurisdiction to examine whether appellant's original conviction was void. In addition, the trial court
has certified appellant's right to appeal from the revocation of his probation. See Tex. R. App. P.
25.2(a)(2).

2. Generally, a defendant must object to any error in the indictment before the day of trial or he
forfeits the right to complain about any defect, error or irregularity. See Teal v. State, No. PD-0689-06,
2007 Tex. Crim. App. LEXIS 316, at *12 (Tex. Crim. App. March 7, 2007); Studer v. State, 799 S.W.2d
263, 272 (Tex. Crim. App. 1990). However, if the indictment is "fatally flawed," such as when the
indictment fails to charge a person or an offense, then it is not an indictment and it does not vest the trial
court with jurisdiction. See Teal, 2007 Tex. Crim. App. LEXIS 316, at *18; Cook v. State, 902 S.W.2d 471,
477 (Tex. Crim. App. 1995). Further, to vest the court with jurisdiction, an indictment must also satisfy the
constitutional requirement of subject-matter jurisdiction. Teal, 2007 Tex. Crim. App. LEXIS 316, at *24. 
We conclude that appellant's complaint, that the district court lacked subject-matter jurisdiction, may be
raised for the first time on appeal, without the usual requirements for preservation of error. See Teal,
2007 Tex. Crim. App. LEXIS 316, at *16-*18. 
3. Appellant was indicted on May 13, 2003, and the district court conducted plea proceedings on
July 18, 2003. At the plea proceeding, before appellant entered his plea, the district court admonished
appellant that he was charged with a state jail felony and that he faced possible state jail felony
punishments, including confinement in state jail. Appellant said nothing about the sufficiency of the
indictment during this time. Because this indictment was presented to a district court with felony
jurisdiction, it is logical to assume that appellant prepared for a felony trial in district court, not a
misdemeanor trial in county court. See Teal, 2007 Tex. Crim. App. LEXIS 316, at *26-*27 n.51.